Modified.

25 C.C.P.A. (Patents)

### In re BURGESS.
### Patent Appeal No. 3895.

Court of Customs and Patent Appeals.
Feb. 28, 1938.

Louis Burgess, of New York City, pro se.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.·

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office allowed several apparatus claims in appellant's application for a patent on a coffee machine, but refused to allow claim 33, drawn to a process of making coffee, on the grounds that there was want of invention over the prior art, and that the claim merely defined the function of a particular coffee-making device.

The Board of Appeals affirmed the action of the Examiner for reasons which will be set out hereinafter in a quotation from its opinion.

· From the decision of the Board, affirming that of the Examiner, the applicant has appealed here.

The references relied upon are: McAllen, 1,668,540, May 1, 1928; Englund, 1,789,334, January 20, 1931.

The single claim involved reads as follows: "33. Process of making beverage coffee, which comprises admixing hot water with a predetermined charge of ground roasted coffee thereby forming a mixture, holding said water and coffee in contact for a period sufficient to permit substantially all of said coffee to acquire a density in excess of that of water, thereafter introducing said mixture to a centrifuge basket of the imperforate overflow type, rotating the mixture in said basket the rate of introduction of said mixture to said basket and the speed of rotation of said basket being so coordinated that all the overflow from said basket is finished coffee beverage, separately collecting and conducting away the said finished coffee beverage."

The process is sufficiently described in the claim. After mixing the finely-ground coffee with hot water and allowing it to remain in contact for a definite period, the grounds are separated from the liquid by a centrifuge basket of the imperforate overflow type.

The patent to McAllen is for an automatic coffee-making machine. The Examiner correctly states that McAllen discloses the process here claimed, except that McAllen separates the grounds from the liquid by means of a strainer instead of a centrifuge.

Englund discloses a process of making coffee in which the grounds are separated from the liquid by a centrifuge basket of the imperforate type.

The Examiner was of the opinion that the substitution of one grounds filtering or

separating means for another does not result in a new coffee-making process, that if the claim was properly drawn it would read directly on McAllen, and that in any event it was old, as shown by Englund, to separate the grounds from the liquid by centrifuge.

The Board of Appeals, in affirming the decision of the Examiner, stated:

"* * * [In the McAllen patent] A screen is employed to facilitate the separation of the grounds from the liquid and it is the examiner's opinion that in a process claim there is no patentable distinction in employing a centrifuge instead of a screen for performing the separation.

"We have given careful consideration to both the oral and written arguments of appellant but we are unable to discover why there would be any particular advantage in separating the liquid from the grounds in the McAllen procedure by a centrifuge instead of by a screen. Certainly some steeping would occur while the coffee is being separated in either event, and therefore it would be possible to start the separating action slightly before the coffee was ready for use. We can see no invention in starting this operation as soon as possible. The use of hot water to speed up the preparation we also regard as obvious.

"It may be possible that appellant has discovered that coffee, ground to a certain degree of fineness and mixed with hot water without the application of extraneous heat, can be separated from the grounds and prepared in a very short period. We find nothing in the appealed claim, however, that definitely sets forth such a process nor are we satisfied that appellant has made any patentable discovery along this line. For the reasons above stated, we are of the opinion that the use of a centrifuge in the manner claimed is an obvious substitute for the separating action of McAllen, particularly as such centrifuges had previously been employed in coffee separation as shown by Englund. We also are not convinced that any unobvious result flows from its use."

The Board's views, as above stated, are ours. Comment on the same seems unnecessary. McAllen's device performs the process claimed by appellant, except as to the means of separating the coffee from the liquid. Englund shows this feature. Clearly, there would be no invention in substituting the separation process of Englund for that of McAllen.

The decision of the Board of Appeals is affirmed.

Affirmed.

25 C.C.P.A.(Patents)

